**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW FRANKLIN STEINMETZ,
    Plaintiff,

vs

CORRECTIONAL OFFICER
HARRISON, et al.,
    Defendants.

Case No. 1:14-cv-829

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against defendants Correctional Officers Harrison, Irvin, and Ewin, Warden Crutchfield, Gary Mohr, Nancy Frye, Dr. Washington, and John Doe. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched

as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against defendants under 42 U.S.C. § 1983. His complaint concerns two separate incidents occurring at the Warren Correctional Institution (WCI), where plaintiff was housed between September 2013 and May 2014. (Complaint p. 5, Doc. 1-1 at PageID 9). First, plaintiff alleges that after being escorted back to his cell by defendant officers Harrison, Irvin, and John Doe, plaintiff and Harrison "beg[an] to have words. We both were calling each other bitches." *Id.* Plaintiff alleges that while Irvin held onto plaintiff's chains through the cell door's food port, Harrison threatened to spray plaintiff with pepper spray before head butting him. According to plaintiff, no conduct report resulted from the incident. He further alleges that he did not receive immediate medical attention. Three days after the incident, plaintiff indicates that he was seen by a nurse. Plaintiff alleges that he informed the nurse that he felt like his nose was broken, but the nurse called him a liar and stated that if he was head butted by Harrison he would have black eyes as a result. *Id.* at PageID 9, 11.

In a separate series of incidents, plaintiff alleges that he was taken to mental health to see

3

defendant Dr. Washington, the mental health liaison at WCI, after informing defendant Correctional Officer Ewin that he felt suicidal. According to plaintiff, Dr. Washington told him "he had a very bad conduct report history, he don't need medication, he was just a fucking idiot that don't know how to act and he just need his ass beat so get the fuck out of his office because he was not going to put him on suicide watch." *Id.* at PageID 12.

After returning to his cell, plaintiff claims he informed Officer Ewin that he was going to hurt himself. Ewin allegedly told plaintiff to go ahead and do it, let him know when he had done so, and Ewin would deal with it then. Plaintiff claims that he then cut himself on the top of his hand with a razor blade. *Id.* at PageID 13. Plaintiff's cellmate got the attention of Ewin, who allegedly called two other inmates to come look at plaintiff in his cell bleeding. Ewin subsequently entered plaintiff's cell and told him to turn around to be "cuffed up." As plaintiff turned around, Ewin sprayed plaintiff in the face with pepper spray.

Plaintiff indicates that he sent Defendant Nancy Frye, the Mental Health Administrator, several informal complaints involving Dr. Washington, but that she has refused to address the issues.

For relief, plaintiff seeks compensatory and punitive damages. *Id.* at PageID 10.

Liberally construed, plaintiff has stated an Eighth Amendment claim for excessive force against defendants Harrison, Irvine, and Ewin. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992). Plaintiff has also stated a claim of deliberate indifference to serious medical needs against defendant Dr. Washington. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further

development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims must be dismissed. First, plaintiff's claims against defendants Warden Crutchfield, Gary Mohr, and Nancy Frye are subject to dismissal because the claims are based on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's claims against defendants Crutchfield, Mohr, and Frye all rely on these defendants' supervisory positions or their failure to respond to plaintiff's complaints. The mere fact that defendants hold supervisory positions or failed to respond to plaintiff is not enough to impose liability on them under section 1983.

To the extent that plaintiff intends to hold these individuals liable based on their failure to investigate the incidents or alleged inadequacies of the grievance procedure he has likewise failed to state a claim for relief. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007). *See Miller v. Haines,* No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted) ("Prison inmates do not have a constitutionally protected right to a grievance procedure."). Therefore, plaintiff's claims against these defendants should be dismissed.

Plaintiff's claims against defendant John Doe should also be dismissed, as his claims

5

against this individual do not rise to the level of a constitutional violation. The only factual allegations in the complaint regarding John Doe is that he or she—along with Irvin and Harrison—escorted plaintiff back to his cell. (Complaint p. 5, Doc. 1-1 at PageID 9). The complaint does not include any other factual allegations that would enable the Court to reasonably infer that this defendant violated plaintiff's constitutional rights.

Accordingly, in sum, plaintiff has stated a claim for relief under the Eighth Amendment for deliberate indifference to serious medical needs against defendant Dr. Washington and for excessive force against defendants Harrison, Irvin, and Ewin. Having found that plaintiff has failed to state a claim for relief against the remaining defendants, these claims should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Crutchfield, Mohr, Frye, and John Doe be **DISMISSED**.

## IT IS THEREFORE ORDERED THAT:

The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendants Harrison, Irvin, Ewin, and Dr. Washington as directed by plaintiff. All costs of service shall be advanced by the United States.

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendants or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the

court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 11/13/14

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MATTHEW FRANKLIN STEINMETZ,
    Plaintiff,

vs

CORRECTIONAL OFFICER
HARRISON, et al.,
    Defendants.

Case No. 1:14-cv-829

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).