UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW FRANKLIN STEINMETZ,
Plaintiff,

vs.

CORRECTIONAL OFFICER
HARRISON, et al.,
Defendants.

Case No. 1:14-cv-829
Black, J.
Litkovitz, M.J.

ORDER

Plaintiff, a former inmate at the Warren Correctional Institution (WCI) and the Southern Ohio Correctional Facility (SOCF)[1], brings this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges violations of his Eighth Amendment rights by several correctional officers at WCI, where plaintiff was housed prior to his transfer to SOCF. This matter is before the Court on plaintiff's motion to compel (Doc. 36) and defendants' opposing memorandum (Doc. 45); plaintiff's motion for the return of legal materials (Doc. 41) and defendants' opposing memorandum (Doc. 44); and plaintiff's motion to show cause (Doc. 43) and defendants' opposing memorandum (Doc. 48).

I. **Motion to compel discovery (Doc. 36).**

Plaintiff filed a motion to compel discovery pursuant to Fed. R. Civ. P. 31(a)(2), 37(a) and 26(b)(1) on May 5, 2015. (Doc. 36). Plaintiff seeks an order compelling defendants' counsel to serve on defendants and other specified individuals written deposition questions, which plaintiff served on counsel on April 16, 2015. Plaintiff also seeks an order requiring defendants' counsel to arrange for a stenographer to attend the depositions. Plaintiff alleges that he does not have the means or funds to hire a stenographer because he is indigent and he was incarcerated at the time he filed his motion.

---

[1] Plaintiff was released from prison on May 20, 2015. (*See* Docs. 41 at 1, 44 at 4, 46).

In response, defendants acknowledge that on April 21, 2015, counsel received a series of written deposition questions for specified individuals to answer. (Doc. 45). Defendants state that: (1) counsel informed plaintiff that plaintiff was responsible for hiring and paying a court reporter to attend the depositions upon written questions; (2) counsel would make his clients available for such depositions; and (3) plaintiff was not entitled by virtue of his indigent status to payment of the costs associated with the depositions. (*Id*. at 2). Defendants allege that plaintiff did not communicate with counsel further in an attempt to resolve this issue. Defendants allege that plaintiff's motion must therefore be denied pursuant to Fed. R. Civ. P. 37(a)(1) and S.D. Ohio Civ. P. 37.2, which require a party to certify that he has exhausted extrajudicial attempts to resolve a discovery dispute before filing a discovery motion with the Court. Defendants further contend that plaintiff has not complied with the procedural requirements for deposing an individual by written questions. Finally, defendants allege there is no authority for imposing plaintiff's costs of conducting discovery on the government. (Doc. 45 at 4, citing *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) ("[T]here is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts."); *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) (there is no constitutional or statutory requirement that an indigent, incarcerated plaintiff's costs of discovery be waived), *abrogated on other gds by*, *L & W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007)).

Plaintiff's motion to compel is denied due to plaintiff's failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "*must* include a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ." To the extent extrajudicial means of resolving the parties' differences have not disposed of the matter, the party seeking discovery may file a motion to compel with a certification that sets forth the extrajudicial means that have been attempted to resolve the differences. *Id*.

Plaintiff's motion to compel fails to include the necessary certification that plaintiff conferred or attempted to confer with defendants about the instant discovery dispute before filing his motion to compel with the Court. Nor does plaintiff's motion demonstrate that plaintiff attempted to resolve this dispute before he filed his motion and sought the Court's intervention. Plaintiff did not contact defendants' counsel after counsel informed plaintiff that he would make his clients available for their depositions by written questions. "The obligation of counsel to meet and confer to resolve differences as to discovery disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010). *See also Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) ("This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys [and pro se parties] to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court."). Plaintiff's motion to compel (Doc. 36) is therefore **DENIED** due to plaintiff's failure to show compliance with

3

the Federal Rules of Civil Procedure and the Local Rules of this Court.[2]

## II. Motion for the return of legal materials (Doc. 41)

Plaintiff filed a motion on May 14, 2015, seeking a "time extension" for an unspecified reason and an order requiring prison officials at SOCF to return his legal materials to him. Plaintiff alleged that his legal materials were taken from him and put in a vault after he was placed in the segregation unit at SOCF. In response, defendants represent that plaintiff's legal materials were returned to him while he was still incarcerated at SOCF. Because plaintiff has since been released from prison and there is no indication that he requires additional time to pursue this litigation, his motion for the return of his legal materials and for an extension of time is **DENIED** as moot.

## III. Motion to show cause (Doc. 43)

Plaintiff moves for an order to "show cause," alleging that defendants failed to timely produce documents in response to a request for production of documents dated April 6, 2015, and have needlessly prolonged the discovery process. Plaintiff states that he wrote to defendants' counsel on April 30, 2015, regarding the request for production of documents, and defendants' counsel responded in a letter dated May 7, 2015, that he would be on leave for "the next few weeks." (Doc. 43). Plaintiff has attached the letters to his motion. (Docs. 43-3). Plaintiff also lists in the motion several documents that defendants have allegedly failed to produce. (Doc. 43).

In response, defendants allege that plaintiff's motion to show cause is properly construed as a motion to compel. (Doc. 48). Defendants allege the motion should be denied because plaintiff has failed to include a certification detailing the extrajudicial means employed to resolve the discovery

---

[2] Plaintiff indicated in his motion to compel that he seeks an Order compelling defendants' counsel to serve the written questions on the deponents pursuant to Fed. R. Civ. P. 31(a)(2), which specifies circumstances under which leave of Court to depose any person by written questions is required. The Court notes that if none of the enumerated circumstances apply, leave of Court is not required. *See* Fed. R. Civ. P. 31(a)(1).

4

dispute. In support of their position, defendants have attached a letter counsel wrote to plaintiff on June 2, 2015, in which counsel addressed and attempted to resolve the discovery issues raised in plaintiff's motion but received no response from plaintiff. (Doc. 48, Exh. 1). Defendants further contend that the motion should be denied on the merits because they have provided the relevant documents, including a disc that contains camera footage of the alleged incident giving rise to this lawsuit[3]; they have sought clarification from plaintiff regarding the information from defendants' disciplinary records that plaintiff seeks to obtain; and they have offered to release plaintiff's full mental health file to any mental health professional with whom plaintiff is currently working. (Doc. 48).

The Court construes plaintiff's motion to show cause as a motion to compel. Plaintiff's motion does not include the requisite certification that extrajudicial attempts have been made to secure responses to plaintiff's discovery requests as required under Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.2. Further, the correspondence attached to the parties' filings shows that all extrajudicial means to resolve this discovery dispute have not been exhausted. Plaintiff wrote to defendants' counsel concerning his April 6, 2015 request for production of documents before the time to respond to the request had expired. (Doc. 43-3). *See* Fed. R. Civ. P. 34(b)(2) (party has 30 days after service of request for production of documents to respond). Defendants' counsel responded to plaintiff's letter on May 7, 2015. (*Id.*). Counsel specified those documents that defendants had already produced in response to plaintiff's requests. Counsel further noted that additional documentation was included with defendants' response. Finally, counsel explained that defendants had produced plaintiff's progress notes and mental health evaluation summaries from September 1, 2013 to the

---

[3] Although counsel had represented to plaintiff in an earlier letter that a video recording of the incident was not available, counsel states that camera footage of the alleged incident has since been found and provided to plaintiff. (Doc. 48 at 3).

5

present and were willing to provide the notes and summaries predating September 2013; however, counsel informed plaintiff that additional time was needed to provide these records because counsel would be on leave for "a few weeks." (Doc. 43-3). Counsel also informed plaintiff that prison mental health personnel had advised that releasing plaintiff's complete mental health file to plaintiff could have a detrimental impact on his mental health treatment. Counsel informed plaintiff that he had reached out to prison mental health personnel for a reassessment of their position in light of plaintiff's release from prison, and counsel suggested an alternative to production of plaintiff's full mental health file to him. Thus, defendants have demonstrated a willingness to continue to work with plaintiff to resolve the outstanding discovery matters raised in plaintiff's motion to compel. Plaintiff's motion to compel (Doc. 43) is therefore **DENIED** due to plaintiff's failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court by exhausting all extrajudicial efforts to resolve this discovery dispute before seeking the Court's intervention.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to compel (Doc. 36) is **DENIED**.
2. Plaintiff's motion for the return of legal materials (Doc. 41) is **DENIED**.
3. Plaintiff's motion to "show cause" (Doc. 43) is **DENIED**.

Date: 7/24/15

Karen L. Litkovitz
United States Magistrate Judge

6